■ In the Matter of the Estate of THOMAS MORELL, Deceased, by His Trustees and Executors, GASPAR J. MORELL et al., Appellants, v. PUBLIC SERVICE COMMISSION et al., Respondents.— HERLIHY, J. P. This article 78 proceeding is an appeal from a judgment of Special Term which affirmed the finding of the Public Service Commission of a change of ownership and terminating conjunctional billing. The premises in question were owned by Anthony and Thomas Morell. Both died prior to 1959 (the cut-off date for conjunctional billing) and executors and trustees assumed their responsibility in each estate. An application by Consolidated Edison in 1961 to discontinue such service on the grounds of a change of ownership was denied, the commission finding that the legal title since 1958 was in the trustees. In 1963 one of the original trustees died and a successor under the terms of the will assumed responsibility. Again Consolidated Edison sought to end conjunctional billing. This appeal is from the determination that the group of legal title holders, which included the successor trustee, was not the same group taking services from Consolidated Edison on May 31, 1959 and therefore did not qualify for preferential billing. Conjunctional billing is a form of billing whereby Consolidated Edison is permitted to charge special rates to an owner of several buildings in close proximity to one another. The buildings must be "under a common ownership * * * of public record in the name of the Customer". The guide lines for deciding this type of case are set forth in *Matter of First Sterling Corp. v. Lundy* (14 A D 2d 193, 195, affd. 11 N Y 2d 836). It was stated therein with reference to the tariff that "it

is not a right of general legal succession that is involved, but rather a problem of identity. Conjunctional billing is available, so runs the tariff, 'only to' a 'customer who' was actually 'taking service' on a particular date. * * * A 'customer who' and a different entity which may by the assignment or succession of right deriving from operation of law come into the legal rights of such a customer are not the same thing". The construction of the tariff regulations is not subject to a narrow interpretation but rather a broad concept, having in mind the intent of the commission in establishing a cut-off date and that as to the utility, it is a question of identity of the customers of the utility company. Therefore, each action must be analyzed and decided on its own particular facts. While not necessarily decisive, in the present instance the successor trustee, when he assumed authority under the terms of the will, had complete control over the destiny of real estate here involved and was a new identity as to the utility company. Order affirmed, with $25 costs. Reynolds, Taylor, Aulisi and Hamm, JJ., concur.